**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADELINA NAVA ALONSO, A 219453124 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:23-cv-00833 |
| UR M. JADDOU, Director of The United | ) | |
| States Citizenship and Immigration Services; | ) | |
| MARK HANSEN, Acting District Director, | ) | |
| Chicago District Office, United States Citizenship | ) | |
| and Immigration Services; ANTONY BLINKEN, | ) | |
| Secretary, United States Secretary of State; | ) | |
| ALEJANDRO MAYORKAS, Secretary, | ) | |
| Department of Homeland Security, each in their | ) | |
| official capacity and not individually; and | ) | |
| UNITED STATED DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |

**PETITION FOR**
**WRIT OF MANDAMUS**

Petitioner and Plaintiff ADELINA NAVA ALONSO, USCIS Alien No. 219453124,

USCIS Receipt LIN 2290314504, petitions this Court for the issuance of a Writ of Mandamus,

ordering the United States Citizenship and Immigration Services to adjudicate Petitioner's

pending Form I-601 Application For Waiver of Grounds of Inadmissibility, filed with the U.S.

Department of Homeland Security on August 30, 2022. In support, Petitioner states as follows:

## NATURE OF THE CASE

1.  This matter is brought pursuant to 28 U.S.C. § 1361 in the nature of mandamus, to compel an

officer or employee of the U.S. Citizenship and Immigration Services ("USCIS") to perform

his or her non-discretionary duty of adjudicating Plaintiff's I-601 Application For Waiver of

Grounds of Inadmissibility pending before USCIS. The underlying case represents a

Kafkaesque example of the current state of immigration laws in the Unites States. This

Complaint merely seeks adjudication of the pending I-601 waiver application.

## JURISDICTION AND VENUE

2.  This action is authorized by 28 U.S.C. §1361, the mandamus statute; 28 U.S.C. §2201, the

Declaratory Judgment Act; and 5 U.S.C. §702, the Administrative Procedure Act, ("APA").

3.  Venue is proper in this Court pursuant to 28 USC § 1391(e), in that this is an action against

officers and agencies of the United States in their official capacities, brought in the District

where a Defendant resides and where a substantial part of the events or omissions giving rise to

Plaintiff's claim occurred.

4. This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. §1361, the

mandamus statute; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §702, the

Administrative Procedure Act, ("APA").

## FACTS

5.  ADELINA NAVA ALONSO, Plaintiff, is an individual.

6.  Plaintiff's I-601 Application For Waiver of Grounds of Inadmissibility, the subject of this

action, was properly filed on August 6, 2020, and, to Plaintiff's knowledge, remains pending

with the Nebraska USCIS District Director.  A copy is attached as Exhibit 1.

7.  Ms. ALONSO's grandmother, who is 82 years old, is a U.S. Citizen, and currently resides in

Olympia Fields, Illinois, in the house that was occupied by Ms. ALONSO until July, 2022.

8.  Ms. ALONSO's mother, Rosalinda Alonso Mesina, a U.S. Citizen, is also residing in the same

Olympia Fields, Illinois house.

9.  Also residing in the same house are Petitioner's two minor children.

10.  Meanwhile, Petitioner ALONSO is living in poverty with her eldest daughter, Sthefanny

Amairany Aguero Nava, in a barracks outside Acupulco, Mexico, where she cannot find work

and where they have no home, no family, no income and very little money left.

11.  Rosalindo Alonso Mesina, Petitioner's 62-year-old mother, is caring for the two children, as

well as for her own mother, Plaintiff ALONSO's grandmother, while also working 50-60 hours

per week as a cook for a national hotel franchise in Chicago, Illinois.  Rosalindo is also making

the mortgage payments and paying all of the expenses for these six people, expenses that had

been shared with Petitioner until July, 2022.

12.  Petitioner ALONSO has admitted, as she must, that she has engaged in "Alien Smuggling".

See, Exhibit 1, "Application for Waiver of Grounds of Inadmissibility", p. 4.  Ms. ALONSO

"smuggled" her own daughter into the United States, when she and her daughter, Sthefanny

Amairany Aguero Nava, entered the United States in 2006.  In other words, in 2006, ALONSO

brought her daughter with her when she came to the United States.

13.  For this offense - Smuggling an Alien - the Immigration Act makes an applicant for

admission to the United States - an "Alien" - "inadmissible" for entry to the United States.  But

the Act allows a "waiver" for this inadmissibility.  The waiver requires the applicant to confess

to his or her act of smuggling, which Petitioner has done; and allows the applicant to seek a

waiver of their inadmissibility, which would demonstrate "extreme hardship" to the petitioner if

the waiver is not approved, and which must be adjudicated by USCIS.  Petitioner's waiver

application reflects all of these elements; *see, e.g.,* Exhibit 2, Affidavit of Adelina Nava

Alonso[1].

14.  If Plaintiff had *not* tried to correctly abide by what she thought U.S. immigration law

required, by returning to Mexico to apply for lawful admission, and instead simply remained in

Illinois and applied by mail, her papers seeking her and her daughter's lawful presence in the

United States would undoubtedly have been processed by USCIS by now, and would very

---

[1] Plaintiff's application included 143 pages of supporting materials; her affidavit and petition alone are included here for the sake of brevity.

likely be approved in due course.  See, 8 U.S.C. 245(i)[2].

15.  Instead, Petitioner's daughter's 21st birthday loomed (at which time her daughter's right to

seek lawful presence in the United States could expire under relevant federal regulations).

Petitioner therefore accompanied her eldest daughter to Mexico, to legally adjust her status as

lawfully present in the United States.  The two expected to return from Mexico very quickly, in

a few weeks at most, in order to appear at the U.S. Consulate in Ciudad Juarez, Mexico for a

scheduled interview on August 2, 2022, and to then immediately re-enter the United States.

16.  After all,  Petitioner's immigration counsel had already applied for and obtained approval of

a different waiver, applicable to certain immigrant visa applicants like Petitioner, who are

relatives of U.S. citizens or lawful permanent residents.  That waiver requested and obtained a

provisional waiver of their unlawful presence grounds of inadmissibility under Immigration and

Nationality Act section 212 (a)(9)(B), before departing the United States to appear at a U.S.

Embassy or Consulate for an immigrant visa interview.

17.  Petitioner ALONSO thus fully expected to return to Olympia Fields, Illinois from Mexico in

August, 2022, to care for her grandmother, support her mother, raise her three children, and

---

[2] Certain noncitizens physically present in the United States may be ineligible to adjust status under INA 245(a) because they entered the United States without inspection or are otherwise barred from adjustment by INA 245(c); see, 8 CFR 245.1(a)-(b). Congress enacted INA 245(i) to allow certain otherwise ineligible noncitizens who are physically present in the U.S. a pathway to become lawful permanent residents provided they meet specific requirements.  Petitioner and her daughter unquestionably meet all of those requirements, **meaning Petitioner never needed to have left the U.S. in the first place to make her application for lawful residence in the U.S.**

continue her work cleaning houses six days per week for a maid service company.

18. Instead, at the interview in Mexico on August 2, 2022, Petitioner was advised that she was guilty of "smuggling" her own daughter to the U.S. (the Immigration Act makes no distinction between "smuggling" your own offspring or family member, and smuggling a paying stranger), and was informed that she - and, effectively, her daughter - must seek a waiver of their inadmissibility to the U.S. That process requires Petitioner and her daughter to remain outside the United States while the application is processed by USCIS.

19. Plaintiff immediately filed for a waiver of this second grounds for inadmissibility.

20. Plaintiff has sought to expedite the processing of her I-601 application for waiver, through an expediting process at USCIS. Plaintiff sought congressional assistance from Sen. Duckworth's office when her inquiries about the status of her waiver application went unanswered by USCIS. Ultimately, Senator Duckworth's office was advised that Plaintiff's effort to expedite the application has been denied by USCIS, without explanation. See, Exhibit. 3.

21. USCIS provided no further explanation why a decision had not been made on her Application For Citizenship.

22. In sum, Plaintiff is barred from returning to the United States until USCIS processes her pending I-601 Waiver application; but Plaintiff was never required to have left the United States to obtain an adjustment of status to lawful resident in the first place, which would have made

the processing of the pending waiver by USCIS irrelevant; yet she cannot now return without its adjudication.

## CAUSE OF ACTION - MANDAMUS

23. Federal courts retain jurisdiction over adjudication matters when USCIS refuses or fails to adjudicate an application. *See, e.g., Paunescu v. INS,* 76 F.Supp.2d 896, 899-902 (N.D.Ill. 1999) (outlining the difference between discretionary action or decision, such as a denial of relief or decision to defer, and complete inaction and failure to make any decision).

24. Defendants have failed to adjudicate Plaintiff's pending I-601 waiver application.

25. The failure of the Office of the Consulate/USCIS to determine Petitioner's waiver is not barred by the doctrine of consular non-reviewability, *see, e.g., Moghaddam v. Pompeo*, 424 F. Supp. 3d 104, 113-14 (D.D.C. 2020) (doctrine of consular nonreviewability did not apply to U.S. citizen and his non-citizen wife's claims for writ of mandamus and declaratory and injunctive relief, where the couple alleged that Secretary of State and other officials had denied them timely adjudication of wife's visa application and associated waiver, where plaintiffs did not challenge initial denial of wife's visa application, but instead challenged defendants' failure to perform their mandatory, non-discretionary duty to adjudicate wife's waiver eligibility); *Al Khader v. Blinken*, No. 18-CV-1355, 2021 WL 678701, at *5 (N.D. Ill. Feb. 22, 2021).

26. Instead, Petitioner has a right to the *adjudication* of her pending I-601 waiver application.

27. The Court is authorized to "compel agency action unlawfully withheld or unreasonably

delayed." 5 U.S.C. § 706(1); *Al Khader v. Blinken*, No. 18-CV-1355, 2021 WL 678701, at *5

(N.D. Ill. Feb. 22, 2021).

28. Petitioner is suffering from extreme hardship, and her family is suffering from extreme

   hardship, while her application for a waiver barring her return to her home in the United States

   is pending.

29. Petitioner has properly met all requirements for the approval of her I-601 Application For

   Waiver; and a reasonable period of time for its adjudication, in light of the extreme

   consequences affecting Petitioner and her family, has passed.

30. Nonetheless, Defendants have not adjudicated the Application.

31. Petitioner's Petition and associated documents are entirely supported with genuine and

   authentic evidence; and no claim otherwise has been made by Defendants.

32. Petitioner thus has a clear right to the relief sought.

33. Likewise, Defendants have " a duty to do the act in question; and … no other adequate

   remedy is available." *Scalise v. Thornburgh*, 891 F.2d 640, 648 (7th Cir. 1989).

34. There exists no legitimate reason for Defendants' failure or refusal to process and determine

   Petitioner's Application.

<u>RELIEF SOUGHT</u>

   WHEREFORE, Petitioner seeks the entry of an order of judgment, requiring that her

I-601 Application For Waiver be adjudicated by the U.S. Citizenship and Immigration Services at

once; for an award of Petitioner's attorney's fees and costs incurred in bringing this Petition,

pursuant to the Equal Access To Justice Act; and for such other relief as may be permitted and

which this Court may deem appropriate and just.

DATED:  February 10, 2023

                                                Respectfully submitted,

                                                /s/ Jeffrey Grant Brown
                                                Jeffrey Grant Brown
                                                Attorney for ADELINA NAVA ALONSO
                                                Plaintiff

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
65 West Jackson Blvd. #107
Chicago, Illinois  60604
(312) 789-9700
ARDC #6194262
Attorney for Plaintiff